UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ARI PFEFFER
on behalf of himself  and
all other similarly situated consumers

                              Plaintiff,

          -against-


LAW OFFICES OF ROSS GELFAND, LLC

                              Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Ari Pfeffer seeks redress for the illegal practices of Law Offices of Ross

      Gelfand, LLC concerning the collection of debts, in violation of the Fair Debt Collection

      Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

      that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

      Roswell, Georgia.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

      1692(a)(6).

***Jurisdiction and Venue***

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

***Allegations Particular to Ari Pfeffer***

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about May 18, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.     The said May 18, 2014 collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12.     Through the window of the envelope, was visible the consumer's account number assigned by the Defendant, above the Plaintiff's name and address.

13.     Section 1692f of the FDCPA states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14.     The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees  it, a core piece of information pertaining to the Plaintiff's status as a debtor.

15.   The account number, when disclosed to the public eye, exposes the consumer's financial quandary.  <u>Douglass v. Convergent Outsourcing</u>, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy concerns, it cannot be deemed benign . . . Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass. But the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor . . . Accordingly, Douglass's account number is impermissible language or symbols under § 1692f(8).)

16.   Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

17.   The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18.   The said letter is a standardized form letter.

19.   Defendant's May 18, 2014 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

20.   In addition, the said May 18, 2014 letter stated in pertinent part as follows: "This letter is to inform you that since we have had no correspondence with you since our previous communication, our client has advised us to proceed appropriately to protect their interest in this matter. We ask that you resolve this account by calling 770-840-8482 or

TOLL FREE at 1-800-899-4353 within forty eight (48) hours of your receipt of this correspondence. This is our last and final attempt to resolve this claim amicably."

21. Said language is deceptive and confusing and conflicts with the language that is stated below it at the bottom of the said letter.

22. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e and 1692e(10).

23. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA for false and deceptive acts.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

24. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty three (23) as if set forth fully in this cause of action.

25. This cause of action is brought on behalf of Plaintiff and the members of two classes.

26. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 18, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to American Honda Finance Corporation; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

-4-

27.   Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 18, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to American Honda Finance Corporation; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA for false and deceptive acts.

28.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

29.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

32.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

33.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 18, 2015

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

# LAW OFFICES OF
## ROSS GELFAND, LLC

**ROSS GELFAND**
Attorney at Law

**1265 Minhinette Drive, Suite 150**
**Roswell, Georgia 30075**
**(770) 840-8482   FAX (770) 840-8575**
**(800) 899-4353**
**www.collectionfirm.net**

Writer's Email: rgelfand@rgelfand.net

May 18, 2014

| | |
|---|---|
| Our Client: | AMERICAN HONDA FINANCE CORPORATION |
| | AMERICAN HONDA FINANCE CORPORATION |
| Account Name: | ARI PFEFFER |
| RG: | [    ]458      Amt:   $2,146.09 |

ARI PFEFFER

This letter is to inform you that since we have had no correspondence with you since our previous communication, our client has advised us to proceed appropriately to protect their interest in this matter.

We ask that you resolve this account by calling 770-840-8482 or TOLL FREE at 1-800-899-4353 within forty-eight (48) hours of your receipt of this correspondence. This is our last and final attempt to resolve this claim amicably.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION FURTHER OBTAINED WILL BE USED FOR THAT PURPOSE.**

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider any available remedies to recover the balance due.

Although we are a law firm, lawyers may also be debt collectors. At this time, we are operating only as a debt collector and not in any legal capacity. Attorneys in this firm are licensed only in Georgia and we do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time, this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.

Sincerely,
Law Office of Ross Gelfand, LLC

New York City Department of Consumer Affairs # 1133281.

CCLGELF01DL3RETL

\*\*\*Detach Lower Portion and Return with Payment\*\*\*



CLGELF01
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

Our Client: AMERICAN HONDA FINANCE CORPORATION
vs
ARI PFEFFER
RG: [    ]458
Total Balance: $2,146.09

May 18, 2014

[    ]458-DL3RETL      312688530

ARI PFEFFER
 580 Crown St Apt 209
Brooklyn NY 11213-5355

**MAIL ALL CORRESPONDENCE TO:**
**LAW OFFICES OF ROSS GELFAND, LLC**
1265 Minhinette Drive, Suite 150
Roswell GA 30075-3656



Scan this code with
your handheld device
to pay your bill online!